UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHERYL A. BAKER,

              Plaintiff,                    CIVIL ACTION NO. 10-13748

        v.                         DISTRICT JUDGE PAUL D. BORMAN

COMMISSIONER OF                MAGISTRATE JUDGE VIRGINIA M. MORGAN
SOCIAL SECURITY,

              Defendant.
_____/

**REPORT AND RECOMMENDATION
TO DENY DEFENDANT'S MOTION TO DISMISS (D/E #7)**

## I. Introduction

This is a *pro se* appeal of a decision denying plaintiff's application for Supplemental Security Income (SSI) benefits. The Commissioner seeks to dismiss the action on the grounds that it was filed beyond the sixty (60) day statute of limitations (D/E #7). Plaintiff has filed a response and a supplemental response in opposition to that motion to dismiss (D/E #10, #13) and the Commissioner filed a reply brief in support of its motion (D/E #14). For the reasons stated below, this court recommends that equitable tolling be held applicable, that the Commissioner's Motion to Dismiss be **DENIED,** and that the Commissioner be ordered to file an answer to the complaint within thirty (30) days of acceptance of this Report and Recommendation.

## II. Background

Plaintiff filed an application for SSI benefits on or about February 14, 2008, alleging a disability beginning February 1, 2008.  (Complaint, ¶ 5)  Following a hearing before an administrative law judge (ALJ), the ALJ  issued an unfavorable decision on November 18, 2009. (Complaint, ¶ 5) The ALJ's decision became the final decision of the Commissioner after the Appeals Council denied review of that decision on June 24, 2010.  (Complaint, ¶ 7)  Plaintiff filed her complaint seeking judicial review of the denial of SSI benefits on September 20, 2010 (D/E #1).

On December 16, 2010, defendant filed the motion to dismiss pending before the court (D/E #7), arguing that plaintiff's complaint should be dismissed because it was not timely filed, plaintiff was not granted any extensions, and there is no basis for equitably tolling the applicable statute of limitations.

On January 12, 2011, plaintiff filed a response in opposition to defendant's motion (D/E #10).  Plaintiff also filed a supplemental response on February 2, 2011 (D/E #11).  In those filings, plaintiff argues that the statute of limitations should be equitably tolled in this case because she diligently requested an extension and, while such extensions are ordinarily granted, her request was lost by defendant.  According to plaintiff, defendant does not contest that such requests are usually granted and defendant should has contacted plaintiff's counsel for proof of submission of the extension request instead of filing the motion to dismiss.  Plaintiff also notes that defendant will not suffer any prejudice by allowing this case to go forward.

On January 26, 2011, defendant filed a reply to plaintiff's response (D/E #12).  In that reply, defendant reiterates its earlier arguments.  In particular, defendant emphasized that

-2-

plaintiff was not granted any extension and was not justified in assuming that her request for an extension would be granted.

## III. Discussion

Defendant argues that plaintiff's complaint should be dismissed because it was not timely filed. Title 42 U.S.C. § 405(g) specifies the following requirements for judicial review of a decision denying a claim for disability (1) a final decision of the Commissioner made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision; and (3) filing of the action in an appropriate district court. 42 U.S.C. § 405(g); Weinberger v. Salfi, 422 U.S. 749, 763-64, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975).[1] "Although § 405(g) uses the word 'mailing,' the regulations clarify that the 60-day period begins five days after the date of the denial notice", Cook v. Commissioner of Social Security, 480 F.3d 432, 436 (6th Cir. 2007), as the applicable regulation is in fact more generous than the statute alone and effectively extend the terms of the limitations period as follows:

> Any [such] civil action ... must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c).

---

[1]Section 405(g) of the Social Security Act provides as follows: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g).

Thus, claims such as the one brought by plaintiff are subject to a 60-day statute of limitations, which runs from the date the plaintiff receives notice of the Appeals Council's decision and the date of receipt is presumed to be five days after the date of the Appeals Council's notice.  See 20 C.F.R. § § 404.901 and 422.10(c); Cook v. Commissioner of Social Security, 480 F.3d 432, 436-37 (6th Cir. 2007). In this case, the presumed date of receipt would be June 29, 2010, and plaintiff had 60 days from that date, or August 30, 2010, to file her complaint in district court.  Plaintiff actually filed her complaint on September 20, 2010.

Plaintiff does not dispute that she filed her complaint after the statute of limitations had expired and, instead, argues that her claim should be deemed timely due to equitable tolling. The 60-day time period provided for in § 405(g) is not jurisdictional, but rather, is a statute of limitations.  Weinberger v. Salfi, 422 U.S. 749, 764, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975).  As such, the Supreme Court has concluded that the application of traditional equitable tolling principles to § 405(g) is "consistent with the overall congressional purpose" of the statute and "nowhere eschewed by Congress."  Bowen v. City of New York, 476 U.S. 467, 480, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986).

Plaintiff bears the burden of establishing that equitable tolling is warranted.  See Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002) (party seeking equitable tolling bears the burden of establishing his entitlement; in the habeas context but collecting cases in other contexts); see also Kellum v. Commissioner of Social Sec., 295 Fed. Appx. 47, 49, 2008 WL 4428413, *2 (6th Cir. 2008) (holding that in the context of § 405(g), the plaintiff bears the burden of establishing equitable tolling); Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007) ("in the context of §

405(g), the '[p]laintiff bears the burden of establishing the exceptional circumstances that warrant equitable tolling.'" (internal quotation omitted)).

In determining whether to grant equitable tolling, the court should consider the following factors: "(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." Cook, 480 F.3d at 437.

In this case, plaintiff has offered a reasoned explanation, supported by the record, sufficient to establish that equitable tolling should be applied and her complaint should be deemed timely filed. It is undisputed that plaintiff[2] had both actual notice and constructive knowledge of the filing requirements. It also appears that plaintiff diligently pursued her rights by requesting an extension of the filing deadline. While defendant submits an affidavit stating that there is no record of any such filing[3], plaintiff has produced uncontradicted evidence that such a request was faxed in and that such requests are usually granted at a later date[4]. Moreover, while the court is cognizant of how many applications the Commissioner deals with every year, the Commissioner has not suffered any prejudice and would not suffer any prejudice by allowing

---

[2]This court would note that, while it refers to plaintiff as taking certain actions, it was actually plaintiff's attorney who did them. Nevertheless, "for purposes of determining whether equitable tolling applies, the actions of plaintiffs' attorneys are attributable to their clients" Mason v. DOJ, 39 Fed. Appx. 205, 207-208 (6th Cir. 2002) (citing Jarrett v. Kassel, 972 F.2d 1415, 1426 (6th Cir. 1992)).

[3]Declaration of Earnest Baskerville, ¶ 3(b); attached as Exhibit A to Defendant's Motion to Dismiss.

[4]Affidavit of Dannelly Smith and supporting documents; attached as Exhibit A to Plaintiff's Response.

-5-

this case to go forward.  The complaint was filed within thirty days of the deadline.  Plaintiff is only seeking SSI benefits and SSI beneficiaries necessarily suffer from extreme financial need, see Bowen v. Galbreath, 485 U.S. 74, 77, 108 S.Ct. 892, 99 L.Ed.2d 68 (1988).  Given those facts, in addition to plaintiff's reasonable attempts at securing an extension and the lack of prejudice to defendant, this court recommends that the statute of limitations be equitably tolled in this matter and plaintiff's complaint be deemed timely filed.

## IV. Conclusion

For the reasons stated above, the court recommends that the Commissioner's Motion to Dismiss Complaint (D/E #7) be **DENIED** and that the Commissioner be ordered to file an answer to the complaint within sixty days of acceptance of this Report and Recommendation.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length

-6-

unless, by motion and order, the page limit is extended by the court.  The response shall address

each issue contained within the objections specifically and in the same order raised.


S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge


Dated: February 17, 2011


---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's
ECF System and/or U. S. Mail on February 17, 2011.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan

-7-