UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL A. BAKER,

               Plaintiff,                                  Case No. 10-13748

                                                          Paul D. Borman
                                                          United States District Judge

v.

                                                          Virginia M. Morgan
                                                          United States Magistrate Judge

COMMISSIONER OF
SOCIAL SECURITY,

               Defendant.
_____/

OPINION AND ORDER
(1) DENYING DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (DKT. NO. 19);
(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION (DKT. NO. 16);
(3) DENYING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 7); AND
(4) ORDERING DEFENDANT TO RESPOND TO
PLAINTIFF'S COMPLAINT WITHIN SIXTY (60) DAYS

      This matter is before the Court on Defendant's Objections to Magistrate Judge Virginia M.

Morgan's Report and Recommendation. (Dkt. No. 19.) Plaintiff filed a response to the Objections.

(Dkt. Nos. 20, 21.) For the reasons that follow, the Court DENIES Defendant's Objections,

ADOPTS the Report and Recommendation, DENIES Defendant's Motion to Dismiss and ORDERS

Defendant to respond to the Complaint within sixty (60) days.

**INTRODUCTION**

      On September 20, 2010, Plaintiff filed a Complaint for Judicial Review in this Court

challenging the final decision of the Defendant Commissioner of Social Security finding Plaintiff

not disabled and denying her claim for Supplemental Security Income ("SSI") Benefits. (Dkt. No. 1.) On September 21, 2010, this Court referred the case to Magistrate Judge Virginia M. Morgan for determination of all dispositive motions and issuance of a Report and Recommendation. (Dkt. No. 4.) On December 6, 2010, Defendant filed a motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1). (Dkt. No. 7.) Defendant argued that Plaintiff's Complaint, which was filed approximately twenty (20) days beyond the August 30, 2010 filing deadline, was not timely filed and that this Court therefore lacked subject matter jurisdiction.

Plaintiff responded to the motion to dismiss, agreeing that her Complaint was filed after the August 30, 2010 deadline had expired but arguing that she is entitled to equitable tolling because she diligently pursued her rights by timely seeking an extension from the Social Security Administration ("SSA") Appeals Council. (Dkt. Nos. 10, 13.) Defendant replied that because the Appeals Council never received Plaintiff's alleged request for an extension, the Appeals Council never granted an extension and therefore Plaintiff is not entitled to equitable tolling. (Dkt. No. 12.)

The Magistrate Judge issued a Report and Recommendation finding that Plaintiff did diligently pursue her rights by attempting to seek an extension and concluding that the Commissioner would not suffer any significant prejudice as a result of the late filing, which was filed within thirty days of the actual deadline. (Report and Recommendation, Dkt. No. 16.) Defendant now objects to the Magistrate Judge's conclusions (1) that Plaintiff diligently pursued her rights and (2) that the Commissioner has not suffered prejudice.

## I.    BACKGROUND

Plaintiff was represented at the administrative level by Dannelly Smith, a non-attorney

advocate for the disabled.  (Dkt. No. 20, Pl.'s Resp. to Objs. Ex. B, Affidavit of Dannelly Smith,

December 22, 2010 ¶ 2.)  When Mr. Smith received the final denial of Plaintiff's claim from the

Appeals Council on or about July 1, 2010, Mr. Smith referred the matter via email to Plaintiff's

current law firm, Daley, Debofsky & Bryant for consideration of filing of a civil case.  (*Id*. ¶ 3.)

Daley, Debofsky and Bryant received the case from Mr. Smith on July 22, 2010 and officially

accepted the case and sent forms to Plaintiff on August 12, 2010.  (Dkt. No. 21, Affidavit of Suzanne

E. Blaz, April 1, 2011 ¶ 2.)  Between August 12 and August 26, 2010, Ms. Blaz had multiple

contacts with Plaintiff in an effort to complete some required forms so that a timely claim could be

filed on August 30, 2010.  Because Plaintiff had several questions about the forms, and new forms

had to be sent to Plaintiff on August 26, 2010, it became apparent to Ms. Blaz that the forms would

not be completed in time for her firm to file a timely Complaint on Plaintiff's behalf on August 30,

2010.  (*Id.* ¶ 4.)  Therefore, Ms. Blaz emailed Mr. Smith on August 30, 2010 and requested that he

seek an extension from the Appeals Council.  (*Id*.)

On August 30, 2010, the deadline by which the parties agree Plaintiff was to file her civil

case, at approximately 11:18 a.m., Mr. Smith received an email from Ms. Blaz explaining that the

firm had not received completed forms from Plaintiff and requesting Mr. Smith to seek from the

Appeals Council a thirty-day (30) extension of time in which to file Plaintiff's civil suit.  (Pl.'s Resp.

to Objs. Ex. B, Smith Aff. ¶ 4; Pl.'s Resp. to Mot. to Dismiss, Dkt. No. 10, email trail between Ms.

Blaz and Mr. Smith.)  At 1:30 p.m. that same day, Mr. Smith faxed a request for an extension to the

Appeals Council office.  Mr. Smith provides phone records to support his contention that he did fax

this request to the Appeals Council office in a timely fashion.  (Pl.'s Resp. to Objs. Ex. A, Smith Aff.

¶ 6.)  The Court  notes that a Google search does indicate that the number dialed from Mr. Smith's

phone on August 30, 2010 at 1:28 and 1:30 p.m. does appear on the Appeals Council website as a working fax number for a branch of that office. http://www.ssa.gov/OP_Home/hallex/I-04/I-4-3-104.html On September 20, 2010, Daley Debofsky and Bryant filed the instant Complaint on Plaintiff's behalf, which Defendant has moved to dismiss for failure to timely file in this Court. Defendant now objects to the Magistrate Judge's Report and Recommendation denying the motion to dismiss.

## II.   STANDARD OF REVIEW

### A.   Objections to the Magistrate Judge's Report and Recommendation

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir.1991).

### B.   Federal Rule of Civil Procedure 12(b)(1)

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. When a defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir.1990). "[T]he court is empowered to resolve factual disputes when subject matter jurisdiction is challenged." *Id*.

## III.   ANALYSIS

Plaintiff seeks review of her claim under 42 U.S.C. § 405(g)-(h), which provides the exclusive means for judicial review of the decisions of the Commissioner on claims for SSI Disability Benefits. *Heckler v. Ringer*, 466 U.S. 602, 617(1984). Title 42 U.S.C. section 405(g) provides that:  "Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow."

It is well recognized that the 60-day filing time limit is "not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986).  Because "the 60-day limit is a statute of limitations, it is a condition on the waiver of sovereign of immunity and thus must be strictly construed." *Id*. at 479.  Nonetheless, it is well established that "application of a 'traditional equitable tolling principle to the 60-day requirement of § 405(g) is fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress.'" *Id*. (quoting *Honda v. Clark*, 386 U.S. 484, 501 (1967)).

Plaintiff bears the burden of establishing that equitable tolling should apply.   *Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 49 (6th Cir. 2008) ("in the context of § 405(g), the '[p]laintiff bears the burden of establishing the exceptional circumstances that warrant equitable tolling.'") (quoting *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007)).  When determining whether equitable tolling should apply, courts will consider the following factors: "(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent;

5

and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007).

Defendant relies on the court's reasoning in *Cook* to support his objection that equitable tolling should not apply in the instant case. However, the Sixth Circuit in *Cook* expressly noted that plaintiff there did "not allege that he requested an extension or communicated with the SSA in any way prior to filing his complaint in federal court, nor [did] he offer any excuse for why he could not have filed well within the 60-day filing period." 480 F.3d at 437. The Sixth Circuit concluded that Cook's circumstance presented "a classic reminder of the risks that applicants take for no apparent reason by waiting until the very end of a filing period to initiate their lawsuits." *Id*. Plaintiff in the instant case, by contrast, does allege that she requested an extension from the SSA and has provided affidavit testimony and documentary evidence in support. Plaintiff's non-attorney representative, Dannelly Smith, who represented Plaintiff at the administrative level, testified by affidavit that he referred Plaintiff's case to the law firm of Daley, Debofsky and Bryant on July 1, 2011. (Dkt. No. 10, Pl.'s Resp. to Mot. Dismiss, Ex. A ¶¶ 1-3.) Mr. Smith also testified that he received an email from Suzanne Blaz, an attorney from Daley, Debofsky and Bryant, asking him to seek an extension of time from the Appeals Council in which to file Plaintiff's claim in this Court, which Mr. Smith testified he did that afternoon by sending a fax request to the Appeals Council. (*Id*. ¶¶ 4-5.) This testimony is supported by the email trail attached to Mr. Smith's affidavit. Ms. Blaz further explained in her affidavit that she had been working diligently with Plaintiff to complete the required forms for filing Plaintiff's civil action.

Defendant alleges that there is conflicting evidence on the issue of whether Plaintiff requested an extension from the Appeals Council. Defendant provides the Declaration of Earnest

6

Baskerville from the SSA indicating that the SSA never received the alleged request for an extension. (Dkt. No. 7, Def.'s Mot. to Dismiss, Ex. 1.) The parties do not dispute that Plaintiff never actually received an extension from the Appeals Council but the Magistrate Judge appropriately concluded that Plaintiff's explanation of her good faith efforts to seek an extension is nonetheless "supported by the record." Plaintiff is correct in asserting that requests for extensions are routinely entertained by the Appeals Council. "If [a claimant] show[s] that [he or she] had good cause for missing the deadline, the time period will be extended." *See* 20 C.F.R. § 404.982. "Good cause" is determined with reference to 20 C.F.R. § 404.911, which lists a number of non-exclusive factors which will be held to constitute good cause, including a good faith attempt to submit a timely request for extension, but addressing the request to the wrong government agency. 20 C.F.R. § 911(b)(8).

It appears to the Court that Plaintiff's current counsel, through Plaintiff's non-attorney representative, made a good faith effort to seek a timely extension from the Appeals Council after realizing that Plaintiff was going to be unable to complete the required forms in a timely fashion. Although questions may exist as to whether the request was in fact received by the Appeals Council, the evidence of record supports the allegation that the request was sent. In the instant case, Plaintiff has provided affidavit support for her contention that she made a good faith effort to seek an extension from the Appeals Council. This Court is not inclined to conclude, based solely on Defendant's contention that the SSA shows no receipt of such a request, that Plaintiff's non-attorney representative has blatantly misrepresented his actions to this Court. Thus, the Court agrees with the Magistrate Judge that the evidence supports Plaintiff's contention that she diligently pursued her rights by requesting an extension from the SSA and filing her Complaint in this Court just twenty

7

days after the deadline had passed.  Finally, the Court agrees with the Magistrate Judge that there

is no substantial prejudice to the Commissioner where Plaintiff's Complaint was filed within thirty

days of the deadline.

## IV.    CONCLUSION

Accordingly, the Court:

(1)    DENIES Defendant's Objections to the Magistrate Judge's Report and Recommendation (Dkt. No. 19);

(2)    ADOPTS the Magistrate Judge's February 17, 2011 Report and Recommendation (Dkt. No. 16);

(3)    DENIES Defendant's Motion to Dismiss (Dkt. No. 7); and

(4)    ORDERS Defendant to Respond to Plaintiff's Complaint within sixty (60) days.

IT IS SO ORDERED.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 28, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 28, 2011.

S/Denise Goodine
Case Manager

8